PEDRO ROSARIO, Plaintiff and Appellant, *v.* JORGE L. LALAITE, Defendant and Appellee.

No. 7668.   Argued February 5, 1939.—Decided June 24, 1939.

*Carlos D. Vázquez,* for appellant.   *R. Padró Parés,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This case differs from the ordinary suit for damages inasmuch as a passenger in an automobile was sued by somebody walking on the sidewalk. The court found in favor of the defendant. From the whole evidence the court had a right to believe that the plaintiff, Pedro Rosario, was walking along the side of Salvador Brau Street when the defendant,

Jorge Lalaite, attempted to descend from a public automobile and on the door being opened it struck the plaintiff and injured him; that when the said passenger started to alight from the automobile it had come to a full stop and the injury to the plaintiff was caused by the act of the chauffeur in starting the automobile after the door had been thrown open. Among other things there was a clear conflict in the evidence as to whether the passenger or the chauffeur opened the door, but the court reached the conclusion that it was the chauffeur who opened the door. Furthermore, the court was of the opinion that the automobile was started by the said chauffeur after the door had been thrown open by him.

The court said:

"On stopping the vehicle he paused so far away from the sidewalk on the south side of Salvador Brau street that he interrupted the traffic which at that hour was very thick owing to the crowds coming out from the race courses, whereupon the policeman on duty at the corner of Salvador Brau and Tanca streets blew the whistle as a signal to the chauffeur that he could not remain where he was and the chauffeur in compliance therewith moved on his car until it came close to the left sidewalk of Salvador Brau street."

The theory of the plaintiff was that the defendant opened the door before the car had come to a full stop and hence was personally responsible for the accident. One of the arguments of the plaintiff is that there were three or four passengers in the vehicle, friends of the defendant, and that none of them attempted to alight. If the court believed this bit of testimony favoring the plaintiff it still would have had the right to find in favor of the defendant.

This is not the only argument by which the appellant attempts to convince us that the preponderance of the evidence was in his favor. As so frequently happens where there is a conflict in the evidence, the court might have decided the case in favor of the plaintiff, but we find nothing in the testimony that would induce us to believe that the court was actuated by passion, prejudice, partiality, or gross error.

This covers the second, third, and fourth assignments of error.

■ The first assignment of error is as follows:

"The district court erred in refusing to admit in evidence the entry on the automobile book regarding the way in which the witness, policeman Manuel Martínez, reported the accident to headquarters, because such entry was admissible to attack the veracity of said witness."

The book with this information was, as a matter of fact, excluded by the court and the plaintiff excepted. There is no doubt that the contents of the writing was inconsistent with the testimony of the policeman at the trial, inasmuch as in that report the policeman is made to say that the passenger threw open the door of the automobile while it was in motion. However, it transpired at the trial that the policeman himself did not compose, although he signed, the particular contents of the record that was excluded and, furthermore, the whole question of how and why he said what he did was brought out at the trial. The policeman insisted that his testimony at the trial was the true one.

Perhaps it would have been advisable for the court to have admitted the book in evidence, but we are not satisfied that there was error and if any error there was, it was harmless.

The judgment should be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.